SHAY v. CRUXTON.

(Steuben County Court. May 18, 1909.)

1. FRAUDS, STATUTE OF (§ 26*)—PROMISE TO PAY FOR DEBT OF ANOTHER.

A person, requesting a merchant to let a third person have groceries and orally promising to pay for them, promises to pay for the debt of another, and where the goods delivered were not charged to him the promise is void under the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 35–41; Dec. Dig. § 26.*]

2. FRAUDS, STATUTE OF (§ 26*)—PROMISE TO PAY FOR DEBT OF ANOTHER.

Where it is sought to charge one person with the value of goods delivered to a third person, it must be shown that the sole credit was given

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the person sought to be charged; and where the credit was given to the third person and the surety jointly, or where the surety was not liable unless the third person defaulted, the surety's promise, if oral, is void under the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 35–41; Dec. Dig. § 26.*]

**3. FRAUDS, STATUTE OF (§ 26*)—PROMISE TO PAY FOR DEBT OF ANOTHER.**

That a merchant, delivering goods to one person pursuant to the promise of another to pay for them, charged the goods directly to the latter, is not conclusive on the liability of the latter.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 35–41; Dec. Dig. § 26.*]

Appeal from City Court of Corning.

Action by Frank G. Shay against Abraham Cruxton. From a judgment for plaintiff against defendant for goods sold and delivered to Peter Hodge, defendant appeals. Reversed.

Sebring & Cheney, for appellant.

Frank J. Saxton, for respondent.

BURRELL, J. This action was brought by the plaintiff, Frank G. Shay, against the defendant, Abraham Cruxton, on a complaint alleging goods sold and delivered to the defendant at his request. At the close of the evidence the plaintiff was allowed to amend his complaint so it would read as follows:

"Goods, wares, and merchandise were delivered to one Peter Hodge, upon the special instance and request of the defendant, and upon his promise to pay therefor."

The answer was a general denial, and that any agreement to pay for the goods furnished was not in writing, without consideration, and void under the statute of frauds.

The evidence discloses that Peter Hodge and the defendant were working together in cutting a certain number of acres of brush, and that the defendant employed Peter Hodge in the work; that Hodge was unable to get credit for groceries at the plaintiff's store; and that there was some arrangement between them whereby the defendant, Cruxton, agreed to see the plaintiff and make some arrangements for the said Peter Hodge to obtain groceries of him. As to just what the agreement or conversation was between the defendant and the plaintiff on that subject there is some dispute; but, taking the plaintiff's evidence on that point as the true version, he testified as follows:

"He came into my store and told me, 'Frank, you let old Mr. Hodge have groceries, and I will pay for them.' I wouldn't let Hodge have them, and he said, 'I will pay for them.' I said, 'How long do I have to wait?' He said, 'About a couple of weeks.'"

In pursuance of the agreement the plaintiff delivered goods to Peter Hodge, consisting of groceries for his family use, to the amount of $40.08, and for which sum the plaintiff recovered judgment against the defendant in the City Court.

There can be no question but what the agreement was a promise to pay the debt of another, and it is not claimed that it was in writing.

The personal property law, of which the statute of frauds forms a part, provides as follows:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking (1) by its terms is not to be performed within one year from the making thereof; (2) is a special promise to answer for the debt, default or miscarriage of another person. * * *"

"The statute renders void those oral promises which are made for the answering for the debt, default, or miscarriage of another person; and under this statute the sole question which can arise upon that point in any case is: Does the promise assume to answer for the debt, default, or miscarriage of another person? If such is the character of the promise, it is clearly within the statute and void." 1 Wait's Law & Practice (7th Ed.) 846.

The evidence in the case at bar shows that the plaintiff did not treat the goods so sold and delivered as goods sold to the defendant; for he charged them, as shown by the slips which are in evidence, and which show the date and amount of goods delivered to Hodge, from time to time, to Peter Hodge, and did not charge them to the defendant.

"When it is sought to charge one person with the value of goods delivered to another person, it must be shown that the sole credit was given to the person sought to be charged, and, if it appears that the credit was given to the principal and the surety jointly, or that the surety was not liable unless in case of a default by the principal, the surety will not be liable, and his promise is void by the statute, if the promise is a verbal one." 1 Wait's Law & Practice, 856.

"The fact that the creditor charged the goods directly to the promisor is not conclusive on the latter." Cowdin v. Gottgetreu, 55 N. Y. 650.

In the case at bar the promise was the promise to pay the debt of another, and in pursuance of the agreement, which was made verbally, and not in writing, and the goods delivered were not charged to the defendant, or promisor, and there can be no question but what the same is void under the statute of frauds, and the plaintiff was not entitled to recover against the defendant in this action.

This determination makes it unnecessary to pass upon the other questions raised by the appellant.

The judgment of the City Court should be reversed, with costs. Ordered accordingly.